UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KYLE LOUIS DUBOIS** | : | **DOCKET NO. 6:20-CV-1373** |
| **VERSUS** | : | **JUDGE ROBERT SUMMERHAYS** |
| **RICKY FONTENOT, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

This suit was brought initially in the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana. Plaintiff, Kyle Louis Dubois, sued defendants generally claiming damages for excessive force against him by police officers. Doc. 1, att. 1, p. 3. Defendants removed the matter to this court on October 22, 2020. Doc. 1.

On April 8, 2022, plaintiff's counsel filed a Motion to Withdraw. Doc. 36. A motion hearing was set for April 28, 2022, and the order setting the motion for hearing instructed withdrawing counsel to secure the participation of plaintiff in the call. Doc. 39. At the hearing, withdrawing counsel explained the efforts made to secure the participation of plaintiff. After waiting 5 minutes past the time set for inception of the call plaintiff still had not called in. Doc. 40.

The Motion to Withdraw was granted. Included in the minutes of the telephonic hearing were the following instructions directed to plaintiff:

> Plaintiff is notified that, now that his counsel has withdrawn, he is now representing himself and will be representing himself until new counsel enrolls. It incumbent upon plaintiff to be aware of and abide by the various orders and rules of the court and to cooperate with defense counsel in obtaining information properly requested according to those rules. Neither

> chambers, defense counsel, nor the clerk of court can provide legal advice. *Failure to follow rules and cooperate could ultimately result in a recommendation that this case be dismissed*. It is also plaintiff's responsibility to be certain that chambers, the clerk of court, and opposing counsel have all current contact information for him and that he is to advise all of the above should his contact information change.

Doc. 40. (emphasis added). A copy of this notification was mailed to plaintiff at his provided address. Plaintiff was also ordered to call the Clerk of Court by May 31, 2022, to advise that he had seen the order and understood the instructions. *Id*. The clerk received no such call. Doc. 41.

A telephonic Scheduling Conference was set to be held in this matter on June 23, 2022 and plaintiff was ordered to participate in this call. Doc. 41. Plaintiff never joined the call, once again failing to comply with this court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action for the plaintiff's failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The district court may dismiss an action for failure to prosecute on its own initiative, without any motion from the opposing party. *Id*. Generally, such dismissals are without prejudice. *Id*. Rule 41(b) dismissals are reviewed for abuse of discretion. *Id*.; *Rogers v. Kroger Co*., 669 F.2d 317, 320 (5th Cir.1982).

Since beginning his self-representation, plaintiff has failed on multiple occasions to comply with court orders and cooperate in this matter. On several occasions aside from the initial notice, plaintiff was warned that his failure to comply with the court's orders would result in a Report and Recommendation being issued recommending that this case be dismissed for plaintiff's failure to prosecute and that is what we now recommend.

For the foregoing reasons, **IT IS RECOMMENDED** that this matter be dismissed with prejudice for plaintiff's failure to participate in the proceeding as ordered and for his failure to prosecute.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 30th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE